IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| FINLEY CIDONE, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>PINNACLE PROPERTY MANAGEMENT SERVICES, LLC, a foreign limited liability company, and BEL PORTLAND HOLDINGS LLC, a foreign limited liability company,<br><br>         Defendants. | CASE NO. 3:20-cv-01133-AR<br><br>ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEY FEES AND COSTS |

**ARMISTEAD, Magistrate Judge**

  Plaintiff Finley Cidone, on behalf of himself and similarly situated tenants, filed this action against his landlord, Bel Portland Holdings LLC ("Bel Portland"), and his landlord's property manager, Pinnacle Property Management Services LLC ("Pinnacle"). Plaintiff alleged that his landlords violated certain provisions of the Oregon Residential Landlord and Tenant Act. Specifically, Plaintiff alleged that Defendants violated Oregon's utility billing statute, ORS 90.315(4)(b), and alternatively, Oregon's statute authorizing landlords to charge certain fees, ORS 90.302(8).

  Plaintiff sought statutory damages of "one month's periodic rent" for each of the alleged violations of ORS 90.315(4)(b), and alternatively, $300 for each alleged violation of ORS 90.302(8). Defendants denied Plaintiff's allegations and contested his requests for relief.

  Defendants moved for judgment on the pleadings seeking to (1) dismiss all claims arising before November 19, 2018, as time-barred under the one-year statute of limitations notwithstanding the Complaint's invocation of the discovery rule, and (2) limit recovery of

PAGE 1 - ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEY FEES AND EXPENSES

statutory damages under ORS 90.315(4)(f) to a single month's rent or twice the amount wrongfully charged no matter how many utility violations occurred in a given month or the number of months during which such violations occurred (ECF No. 8). Plaintiff opposed both motions. The Court denied Defendant's first motion regarding the statute of limitations, but granted the second motion, limiting Plaintiff's, and each putative class member's, damages to a single month's rent (ECF No. 45).

After receiving those rulings, the parties hired an experienced mediator, and with his assistance, agreed to settle this action, including by certifying a class for settlement purposes. Plaintiff moved for preliminary approval of the settlement agreement and certification of a Settlement Class on July 1, 2022 (ECF No. 61). Under the proposed settlement, in exchange for a release of claims by the proposed settlement class, Pinnacle agreed to pay $2,000,000, inclusive of attorney fees, class counsel's costs, and a class representative award. In addition, Pinnacle separately agreed to pay as much as $100,000 to the Settlement Administrator for settlement administration expenses, including providing notice to the Settlement Class Members, handling Settlement Class Member inquiries, and calculating and distributing payments.

The Court preliminary approved the proposed settlement on July 21, 2022 (ECF No. 68), finding that it appeared to be, "fair, reasonable, and adequate, and within the range of possible approval." The Court also conditionally certified the proposed class and approved the form, content, and method of delivering notice to the class. On April 17, 2023, the Court held a fairness hearing to consider final approval of the Settlement Agreement, to confirm the certification of the class for settlement purposes, and to consider Class Counsel's application for attorney fees and costs. No objections were filed or stated at the hearing.

This matter is now before the Court on Plaintiff's Motion for Final Approval of Class

PAGE 2 -   ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEY FEES
AND EXPENSES

Action Settlement (ECF No. [76]) and Motion for Attorney Fees and Costs (ECF No. 71). Both motions are unopposed. Having considered all papers filed and proceedings in this matter, the Court GRANTS[1] Plaintiff's motions and enters this Order, which constitutes a final adjudication on the merits of all claims of the Settlement Class.

## FINDINGS

**A.    Settlement Terms**

The definitions and provisions memorialized in the Settlement Agreement, including its exhibits (ECF No. 61-1), are incorporated by reference in this Order. The definitions and provisions of the Preliminary Approval Order (ECF No. 68) are also incorporated by reference in this Order.

1. <u>Definitions:</u> For ease of reference, the Court recounts or adopts the following relevant definitions:

    a. "Class Counsel" means Brady Mertz PC, Efrem Lawrence Law Firm, and Matthew G. Shepard Law.

    b. "Class Period" means the time period from January 1, 2016, to February 29, 2020, inclusive.

    c. "Class Representative" means the Lead Plaintiff, Finley Cidone.

    d. "Judgment Date" means the latest of the following (i) if no individual, or counsel on the individual's behalf, has filed an appearance that would give the individual potential standing to appeal the Final Approval Order and

---

[1]    The parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c)(1). ECF Nos. 64-67; *Koby v. ARS Nat. Servs.*, Inc. 846 F.3d 1071, 1077 (2017) ("Congress has authorized magistrate judges to enter judgment in a class action so long as the named parties to the action have consented . . . .")

PAGE 3 -    ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEY FEES AND EXPENSES

Judgment, then on the date the settlement is finally approved by this Court; (ii) if an individual, or counsel on the individual's behalf, has filed an appearance, and no notice of appeal of the Final Approval Order and Judgment is filed, the expiration date of the time for filing any appeal from the Final Approval Order and Judgment, including any extension of such expiration date granted by order of any court of competent jurisdiction, by operation of law, or otherwise; (iii) the date of final affirmance on an appeal of the Final Approval Order and Judgment, the expiration of the time for a petition for rehearing and a petition for certiorari of the Final Approval Order and Judgment, or, if such a petition is filed, either the denial of that petition or, if the petition is granted, the date of final affirmance of the Final Approval Order and Judgment following review pursuant to that grant; or (iv) the date of final dismissal of any appeal of the Final Approval Order and Judgment or the final dismissal of any proceeding to review the Final Approval Order and Judgment.

e. "Released Parties" means Defendants; Defendants' current and former clients (including owners of properties managed by Pinnacle at which Settlement Class Members resided); Defendants' contractors; Defendants' service providers; YES Energy Management, Inc.; and each of their parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors-in-interest, assigns, assignees, partnerships, partners, trustees, trusts, employees, immediate family members, heirs, executors, administrators, representatives, insurers, reinsurers, and attorneys.

    f.   "Released Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, whether such claim was asserted in the Complaint or the Amended Complaint or could have been asserted in the Complaint or the Amended Complaint, or in any other forum, to the extent such claim arises out of or is based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint or the Amended Complaint, and that otherwise relate to utility billing practices during the Class Period, except for claims relating to the enforcement of the Settlement Agreement.

    g.   "Settlement Class Members" means all persons who executed a written rental agreement as a tenant for a dwelling unit within any Oregon apartment complex to which YES Energy Management, Inc. furnished at least one utility bill at a time when the property was managed by Pinnacle, from January 1, 2016 to February 29, 2020 (the "Class Period"). The class excludes (i) Defendants; (ii) any person who was an officer, director, or partner of Defendants during the Class Period and any members of their immediate family; (iii) any parent, subsidiary, or affiliate of Defendants; (v) any firm, trust, corporation, or other entity in which Defendants or any other excluded person or entity has, or had during the Class Period, a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded persons or entities; and (vii) any Judge or Magistrate Judge to whom the Action is assigned and any member of those

PAGE 5 -    ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEY FEES AND EXPENSES

   Judges' staffs or immediate family members.

  h. "Settlement Claims Administrator" means Angeion Group.

2. <u>General Terms:</u> Plaintiff has agreed to fully and finally release, resolve, relinquish, and forever discharge each and every one of the Released Parties from each of the Released Claims, whether known or unknown, contingent or accrued, that were alleged or that reasonably could have been alleged in exchange for Pinnacle's agreement to pay $2,000,000 (the "Total Settlement Fund"). Pinnacle separately agreed to pay as much as $100,000 for the Initial Costs of Settlement Administration.

3. <u>Settlement Funds</u>: The Total Settlement Fund includes (1) a service award of $3,000 for the Class Representative; (2) Class Counsel's attorney fees of $500,000 (equal to 25% of the Total Settlement Fund); (3) reimbursement of $9,283.54 to Class Counsel for reasonable litigation costs; and (4) the costs of administration, beyond the Initial Costs of Settlement, if any. The remainder of the Total Settlement Fund, after deduction of these payments, constitutes the "Net Settlement Fund," which will be used to pay the Settlement Class Members.

4. <u>Settlement Awards:</u> Each Settlement Class Member will receive a Settlement Fund Payment, which will be distributed from the Net Settlement Amount in accordance with the procedures of section 17(b) of the Settlement Agreement. Any uncashed Settlement Fund Payments will be redistributed to the Settlement Class Members who cashed their initial Settlement Fund Payment to the extent it is administratively and economically feasible. If any amount of the Net Settlement Fund remains after this potential redistribution, it will be paid to Legal Aid Services of Oregon. No settlement fund will revert to Defendants.

5. <u>Scope of Release:</u> As set forth in section 42 of the Settlement Agreement, all Settlement Class Members who did not validly exclude themselves from participation shall release the Released Parties from "all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, whether such claim was asserted in the Complaint or the Amended Complaint or could have been asserted in the Complaint or the Amended Complaint, or in any other forum, to the extent such claim arises out of or is based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint or the Amended Complaint, and that otherwise relate to utility billing practices during the Class Period, except for claims relating to the enforcement of the Settlement Agreement." Plaintiff and Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or related in any way to the Released Claims. This release shall be interpreted and applied to the fullest extent of res judicata principles. This permanent bar and injunction on Released Claims for the Released Parties is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

//

PAGE 7 -   ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEY FEES AND EXPENSES

B.   **Notice to Class Members**

The procedures for giving notice to the Class Members, as set forth in the Settlement Agreement and ordered in the Court's preliminary approval order (ECF Nos. 61-1 and 68) have been satisfied by the Settlement Administrator. (Decl. of Rebecca Taylor, ECF No. 77.)

1. On August 29, 2022, the Settlement Administrator received the Class Member list from Pinnacle. The Settlement Administrator organized and removed duplicate records (due to Settlement Class Members being in more than one tenancy).

2. On October 21, 2022, the Settlement Administrator mailed the Class Notice to the 8,247 Settlement Class Member records. The Settlement Administrator received 1,743 of the Class Notices returned as undeliverable. Of those, the Settlement Administrator was able to locate 1,256 updated mailing addresses with the United States Postal Service, and mailed Class Notices to those updated addresses.

3. The Class Notice advised Settlement Class Members of their rights to request exclusion from the settlement, to object to the settlement, or to do nothing, as well as the implications of each action. The Notice advised Settlement Class Members of applicable deadlines and other events, including the Final Approval Hearing.

4. The Settlement Administrator maintained a class website, which received 468 sessions and 906 page views.

5. The Settlement Administrator also maintained a dedicated toll-free telephone line, which received 56 calls, totaling approximately 295 of minutes of call-time.

6. The Settlement Administrator received only one (1) Request for Exclusion from a Settlement Class Member.

7. No Class Members objected to the settlement.

PAGE 8 -   ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEY FEES AND EXPENSES

C. **Fairness, Reasonableness, and Adequacy of the Proposed Class Settlement**

Under Rule 23(e), the Court's primary role is to determine whether the proposed class settlement is fundamentally fair, reasonable, and adequate. In making this determination, the Court must balance a number of factors: "the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the stage of the proceedings; and the experience and views of counsel." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998). As set forth below, those factors favor the proposed settlement.

1. Strength of Case: Class Counsel researched and litigated the claims in this action, including by engaging in discovery practice and diligently working to understand Defendants' rent and fee payment structure. Ultimately, Class Counsel were successful in negotiating a favorable settlement. That the proposed settlement was reached after arms-length negotiations facilitated by an experienced mediator weighs in favor of approval.

2. Risk and Expense of Further Litigation: While maintaining that their claims have merit, Plaintiff acknowledges that litigating this action to trial carries risk, including the likelihood that Defendant will contest class certification, including by seeking to enforce a purported class action waiver located in rental agreement documents, and assert other defenses. These risks and the expenses of continued litigation demonstrate that the proposed settlement is a fair, reasonable, and adequate result. *Barbosa v. Cargill Meats Sols. Corp.*, 297 F.R.D. 431, 447 (E.D. Cal. 2013) ("Although a larger award was theoretically possible, 'the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest

PAGE 9 -   ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEY FEES AND EXPENSES

hopes.'") (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998)).

3. Settlement Amount: "[T]he critical component of any settlement is the amount of relief obtained by the class." *Lane v. Brown*, 166 F. Supp. 3d 1180, 1189 (D. Or. 2016) (citing *Bayat v. Bank of the West*, Case No. C-13-2376 EMC, 2015 WL 1744342, at *4 (N. D. Cal. Apr. 15, 2015)). Class Counsel negotiated a Total Settlement Fund of $2,000,000, with a Net Settlement Amount of approximately $1,487,716.46, an approximate mean individual recovery of approximately $180.11, and an approximate median individual recovery of approximately $168.87 in a case in which class members suffered little, if any, actual damages because these claims are primarily disclosure violations. Given the risk and expense of further litigation, this result is fair, adequate, and reasonable.

4. Distributions: The allocation of the Net Settlement Fund to the Settlement Class Members has a reasonable and rational basis that is directly related to each such class member's individual case and circumstances had he brought an individual case.

5. Experience of Counsel: Class Counsel consist of lawyers at three different law firms. Messrs. Mertz and Shepard in particular have considerable experience litigating both landlord-tenant claims, as well as landlord-tenant class actions. Accordingly, the Court gives great weight to counsels' recommendation to settle in lieu of pursuing further litigation.

6. Reaction of the Class Members: Finally, the reaction of class members to the settlement has been favorable. No Settlement Class Members objected to the settlement. The Settlement Administrator received one (1) request for exclusion.

C. **Certification of Settlement Class**

Where the parties reach a settlement agreement before the proposed class has been certified, the Court "must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). In connection with certification for settlement purposes, the Court finds:

1. Rule 23(a): The Class meets the requirements of Fed. R. Civ. P. 23(a) because (i) membership of the Class is ascertainable and the Class is so numerous that joinder of all members is impracticable; (ii) there are questions of law and fact common to the Class; (iii) the claims of the Class Representative are typical of the claims of the Class Members; (iv) Class Representative and Class Counsel fairly and adequately represent the interests of the Class.

2. Rule 23(b): The Class satisfies the requirements of 23(b)(3) because (i) common questions of law and fact predominate over questions affecting only individual Class Members, and (ii) class settlement is a superior method of adjudicating this action.

D. **Administration Costs and Service Awards**

1. Administration Costs: The amount requested to be paid to the Settlement Administrator is fair and reasonable because it did not exceed $100,000 and will accordingly be paid separately and not reduce the Net Settlement Amount available for distribution to the class.

2. Service Award: Class Representative assumed responsibilities on behalf of and for the benefit of the Settlement Class. The requested Service Award of $3,000 for Class Representative Finley Cidone is reasonable, fair, and appropriate.

//

### F. Attorney Fees and Litigation Costs

The Court has an independent duty to ensure that requested attorney fee awards are reasonable, even in the absence of objections. Fed. R. Civ. P. 23(h). Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method to assess the reasonableness of the fee request. *In re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Under the percentage-of-recovery method, the Court evaluates reasonableness through several factors: "(1) the extent to which class counsel achieved exceptional results for the class; (2) whether the case was risky for class counsel; (3) whether counsel's performance generate benefits beyond the cash settlement fund; (4) the market rate for the particular field of law; (5) the burdens class counsel experienced while litigating the case; and (6) whether the case was handled on a contingency basis." *In re. Optical Disk Drive Prods Antitrust Litig.*, 959 F.3d 922, 929-30 (9th Cir. 2020) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002)).

The Court may also perform a lodestar "cross-check" to confirm that the percentage-of-recovery amount is reasonable. First, the Court calculates the lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate of the attorneys performing that work. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court then performs the cross-check by comparing the proposed percentage-based fee award with the lodestar calculation. *Barbosa v. Cargill Meats Sols. Corp.*, 297 F.R.D. 431, 451 (E.D. Cal. 2013) (noting that a lodestar cross-check can be performed with "a less exhaustive cataloguing and review of counsel's hours").

District courts must ensure that their fee awards are "supported by findings and take into account all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048. Accordingly, the Court

makes the following findings with respect to Class Counsels' fee and cost requests:

1. <u>Attorney Fee Request:</u> Class Counsel seek $500,000 in attorney fees, representing 25% of the Total Settlement Fund. This percentage is appropriate under Ninth Circuit precedent and in line with the market rate for similar work. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) (noting that the typical range of acceptable attorney fees in the Ninth Circuit is 20 percent to 33.3 percent of the total settlement value).

2. The settlement was an exceptional result that achieved valuable and substantial benefit for the Settlement Class. The settlement will compensate the Settlement Class Members in excess of any actual damages they may have suffered.

3. There were significant risks involved in this litigation, including the possibility that the class might not be certified and that Plaintiff might lose on the merits given the complexity of the legal issues in this case. On balance, those risks support Plaintiff's attorney fee request.

4. Class Counsel litigated this action on a contingency fee basis and, as such, invested considerable time, effort, and money with no guarantee of recovery. In accepting this case, Class Counsel also had to forego other potentially lucrative opportunities.

5. <u>Lodestar Cross-Check:</u> Class Counsel attest that, in total, they have expended over 446 hours on this action. This amount is likely an underestimate because it does not include additional time expended in seeking final approval of the settlement and working with the Settlement Administrator and Defense Counsel to administer the settlement.

6. Brady Mertz expended over 117 hours on this matter at a requested blended inflation-adjusted rate of $564.99, before the application of any multiplier. (Decl. of Brady

PAGE 13 -   ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEY FEES AND EXPENSES

Mertz, ECF No. 73.) That hourly rate, which is in the 75th percentile of what other attorneys in the Portland area charge, is appropriate given Mr. Mertz's 26 years of experience practicing law, as well as his experience in litigating tenant utility claims, both individually and as class actions throughout the State of Oregon.

7. Mr. Mertz's staff expended over 15 hours on this case, the vast majority of which was performed by a person with a law degree, who is now licensed to, and is practicing law in Oregon. The $2,204 in staff time at an average hourly rate of $145.96 is reasonable.

8. Matthew Shepard expended over 239 hours on this matter at a requested blended inflation-adjusted hourly rate of $403.45, before the application of any multiplier. (Decl. of Matthew Shepard, ECF No. 72.) That hourly rate, which is in the 75th percentile of what other attorneys in the Portland area charge, is appropriate given Mr. Shepard's 13 years of experience practicing law, as well as his experience in litigating tenant utility claims, both individually and as class actions throughout the State of Oregon.

9. Efrem Lawrence expended 90 hours on this matter at a requested blended inflation-adjusted hourly rate of $342.91 before the application of any multiplier. (Decl. of Efrem Lawrence, ECF No. 74.)

10. The average blended inflation-adjusted hourly rate between Messrs. Mertz, Shepard, and Lawrence is $433.59, resulting in a lodestar attorney fee total of $194,103.10 and staff time of $2,204. The implied multiplier to reach the requested percentage award fee of $500,000 is therefore 2.54. Given the results achieved, this multiplier is appropriate and within the typical range in the Ninth Circuit. *See e.g.*, *Vizcaino*, 290

PAGE 14 -   ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEY FEES AND EXPENSES

F.3d at 1051 n.6.

Litigation Costs: Class Counsel seek reimbursement of $9,283.54 in litigation costs. The declaration of Class Counsel detail these costs incurred, which include the mediator's fee, filing fees, and service fees. (Shephard Decl. ¶ 10.) The Court has reviewed those costs and finds them appropriate.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

PAGE 15 -   ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEY FEES AND EXPENSES

**ORDER**

Based on the foregoing findings, the Court issues the following ORDERS:

1.  Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 76) is GRANTED.

    a.  The Settlement Agreement is fair, adequate, and reasonable to all potential Class Members when balanced against the probable outcome of further litigation. At the time the settlement was negotiated, counsel for the parties were reasonably able to evaluate their respective positions. The settlement will avoid substantial additional costs to all parties, as well as the delay and risks that would be presented by further prosecution of the action.

    b.  The plan for giving notice, in form, method, and content, as well as the execution of giving such notice by the parties and the Settlement Administrator, has fully complied with the requirements of Rule 23, due process, and this Court's order granting preliminary approval. In response to the Class Notice, only one Class Member requested exclusion from the settlement, and no Class Members objected to the settlement terms.

    c.  For settlement purposes only, the Court certifies the proposed Settlement Class in accordance with Fed. R. Civ. P. 23(a) and 23(b)(3). The Court approves the parties' agreed-upon definitions for Settlement Class, Class Counsel, Class Representative, and Settlement Administrator.

    d.  The Court grants final approval of the Stipulated Settlement Agreement of Class Action (ECF No. 61-1), including the Release of Claims and distribution of the service award and distribution of the Net Settlement Fund as stated in that agreement.

    e.  The Court approves Legal Aid Services of Oregon as the cy pres beneficiary.

    f.  The Court approves (i) payment of $100,000 in administrative expenses to Angeion Group, the appointed Settlement Administrator; and (ii) service award of $3,000 to Finley Cidone.

    e.  Each member of the Settlement Class, except for the one individual who opted out of the settlement, fully releases and discharges Defendants as provided in section 42 of the Settlement Agreement.

2.  Plaintiff's Unopposed Motion for Attorney Fees and Costs (ECF No. 71) is GRANTED.

    a.  Class Counsel, as identified above, will receive as their $500,000 fee (equal to 25% of the Total Settlement Fund), and will receive reimbursement of $9,283.54 in reasonable litigation costs. These amounts are to be paid to Class Counsel in accordance with the Settlement Agreement.

3.  The action is DISMISSED with prejudice. The Court retains continuing jurisdiction solely for purposes of enforcing the Settlement Agreement, addressing settlement administration matters, and addressing such post-judgment matters as may be appropriate.

IT IS SO ORDERED.

DATED: April 18, 2023

_____
JEFF ARMISTEAD
United States Magistrate Judge

PAGE 17 -   ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEY FEES AND EXPENSES